IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**OMAR ESPINAL-GUZMAN,**

**Plaintiff,**

v.

**AUTO ZONE PUERTO RICO, INC., ROSALYN CAMACHO LA LUZ in her personal capacity and as Human Resources Manager for Auto Zone Puerto Rico,**

**Defendants.**

CASE NO. 19-1886 (GAG)

## OPINION AND ORDER

On September 18, 2019, Omar Espinal-Guzman ("Plaintiff" or "Espinal-Guzman"), filed the above-captioned complaint against Auto Zone Puerto Rico, Inc. ("Auto Zone" or "Co-Defendant Auto Zone") and Rosalyn Camacho La Luz ("co-Defendant Camacho") (collectively, "Defendants"), pursuant to violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101-12213; Sections 1981a, 1986, 1988, 2000e and 2000e-3 of the Civil Rights Act of 1991 ("Section 1981a"), 42 U.S.C. § 1981a, *et seq.*; Article II, Sections 1 and 8 of the Constitution of Puerto Rico, P.R. CONST. Art. II, §§ 1 and 8; Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141; and Law 80 of May 30, 1976, P.R. LAWS ANN. tit. 29, § 1585a. (Docket No. 22).

On February 13, 2020, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). (Docket No. 27). Defendants aver that Plaintiff failed to state a claim regarding the claim that he suffered discriminatory actions from Auto Zone and co-Defendant Camacho. Id. at 3-8.

1

After a careful review of the parties' submissions and pertinent law, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion to dismiss at Docket No. 27.

### I. Relevant Factual Background[1]

Plaintiff was employed by Defendant Auto Zone as "Parts and Services Manager" in Store #6607 located at Victory Shopping Center in Bayamón. (Docket No. 22 ¶ 2). On October 5, 2018, Plaintiff's twenty-three year-old sister died due to various health conditions, leaving behind an eight month-old daughter. Id. ¶ 6. After his sister's sudden death, Plaintiff took custody of his niece because there were no other relatives capable of doing so. Id. ¶ 8.  This event severely affected Espinal-Guzman emotionally, as he was very close to his sister and niece. As a result, he developed severe symptoms of anxiety and panic attacks. Id. ¶¶ 6, 9.

Plaintiff informed Auto Zone personnel, including Human Resources Manager Rosalyn Camacho, about his situation; specifically the fact that he had taken legal custody of his niece, and that he was suffering from panic and anxiety attacks. Id. ¶ 11. Starting around February 2019, Plaintiff started experimenting severe and uncontrollable panic and anxiety attacks while working at the store, which caused him to sometimes physically step-out of the store to cry and calm himself. Id. ¶ 12. Plaintiff claims that, nonetheless, store manager Ms. Belmarie Rodríguez initiated an investigation, falsely alleging that he was either stealing merchandise from the store or leaving his position unattended to meet with a woman. Id. ¶ 13. Plaintiff advances that he was not interviewed or provided any documents from said investigation. Id. ¶¶ 14-15.

Plaintiff was never absent from his job despite the emotional and psychological conditions he had developed following his sister's death and  was undergoing psychological therapies paid for

---

[1] For purposes of the motion to dismiss, the Court accepts as true all the factual allegations in the Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

by Auto Zone. (Docket No. 22 ¶¶ 19-20. On May 18, 2019, Plaintiff received notification that he would be transferred to another store in Trujillo Alto, to which he objected stating that his medical and economic conditions did not allow him to work in Trujillo Alto. Id. ¶¶ 21, 23. On June 5, 2019, Ms. Rodríguez informed Plaintiff that he was going to be terminated from his job for allegedly having incurred in: "(a) violation of company policies and proceedings; (b) warranty transaction for commercial customer without authorization resulting in loss; (c) failure to follow procedures in commercial accounts; (d) removing merchandise without authorization for personal use resulting in loss; (e) dishonest conduct; (f) conduct detrimental to AutoZone & Autozoner; (g) loss of trust." Id. ¶ 29.

Plaintiff denies he ever incurred in any wrongdoing and states that specifically followed the instructions given by Regional Manager Abner Colón, shortly after Hurricane María, that all managers would honor customers' requests for warranties and refunds. Id. ¶ 31. On June 11, 2019, Plaintiff filed a charge of discrimination against Auto Zone Puerto Rico and against Ms. Camacho before the EEOC. He received a right to sue letter on August 19, 2019. Id. ¶¶ 35, 36.

**II.     Standard of Review**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678–79. Second, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." <u>Schatz</u>, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing <u>Iqbal</u>, 556 U.S. at 678–79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. <u>Twombly</u>, 550 U.S. at 556. Civil No. 18-1012 (GAG).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." <u>Ocasio-Hernandez</u>, 640 F.3d at 12 (quoting <u>Iqbal</u>, 556 U.S. at 678). In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998).

**III.    Discussion**[2]

Defendant argues that Plaintiff failed to state, as to all his claims, whether a relief can be granted. (Docket No. 22 at 2). Espinal-Guzman, on the other hand, claims that Defendants discriminated and conspired against him based on his race, his gender, and his disability. (Docket No. 22 at 7).

A.    Plaintiff's ADA claim

In order to state a claim of disability discrimination under Title I of the ADA, Plaintiff must allege facts showing that: (1) he was disabled within the meaning of the Act; (2) he could perform the essential functions of his job, with or without reasonable accommodation; and (3) the employer took adverse action against him, in whole or in part, because of his disability. See Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 48 (1st Cir. 2011); Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008).  An individual is disabled for purposes of the ADA if he "(1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." Ruiz Rivera, 521 F.3d at 82; see also 42 U.S.C. § 12102(2).

Espinal-Guzman alleges throughout the Amended Complaint that Defendant Auto Zone was aware of his disability and wanted to terminate him from employment due to said reason. (Docket No. 22 ¶¶ 16-20). At this stage of the proceedings, Plaintiff has made a sufficient showing of disability (severe anxiety, panic attacks and PTSD) within the meaning of the ADA to survive

---

[2] Co-Defendant Camacho argues that the claims against her person should be dismissed since individual liability does not attach under either the ADA or the Title VII claims. See Docket No. 27 at 16, 19. The Court agrees with the virtually universal position that Title I of the ADA, similar to Title VII of the Civil Rights Act, "addresses the conduct of employers only and does not impose liability on co-workers." Roman–Oliveras v. Puerto Rico Elec. Power Auth. 655 F.3d 43, 48 (1st Cir. 2011) (referring Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009) (internal quotations marks omitted). Since the federal claims against co-Defendant Camacho fail as a matter of law, the Court will not exercise supplemental jurisdiction as to the state law claims. Consequently, all claims in the present case against co-Defendant Camacho are hereby **DISMISSED**.

5

**Civil No. 19-1886 (GAG)**

defendants' motion to dismiss. Plaintiff's allegations also meet the other two prongs: he was performing the essential functions of his job at Auto Zone and was fired, according to him, due to his disability. (Docket No. 22 ¶¶ 6, 16-28). Thus, Defendant's motion to dismiss for failure to state as to Plaintiff's ADA claim is hereby **DENIED**.

    B. <u>Plaintiff's Civil Rights claims</u>

        a. *Section 1891a*

Espinal-Guzman filed a claim under Section 1891a of the Civil Rights Act. 42 U.S.C. § 1981a. To state a claim under this statute, a plaintiff must show (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute. See <u>Garrett v. Tandy Corp.</u>, 295 F.3d 94, 98 (1st Cir. 2002). Plaintiff failed to present a factual allegation that establish he was discriminated on the basis of race. Espinal-Guzman only states that there "was a conspiracy among Auto Zone and its managers to discriminate against the plaintiff because of his "race (black). . ." (Docket No. 22 ¶ 28). There is no single factual allegation in the complaint that makes it plausible that Plaintiff was discriminated for racial considerations. Consequently, Defendant's motion to dismiss as to Plaintiff's claim under Section 1891a of the Civil Rights Act is hereby **GRANTED**.

        b. *Section 1986*

Espinal-Guzman's Amended Complaint alleges that the Defendants acted in concert to deny him the protections of the U.S. Constitution in violation of 42 U.S.C. § 1986. A § 1986 claim is dependent on the presence of a conspiracy under § 1985. <u>See</u> Docket No. 22; <u>see also</u> <u>Hahn v. Sargent</u>, 523 F.2d 461, 470 (1st Cir. 1975). In that regard, a § 1985(3) claim has four elements: (1) a conspiracy; (2) a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws;

**Civil No. 19-1886 (GAG)**

(3) an overt act in furtherance of the conspiracy; and (4) either an injury to person or property, or a deprivation of a constitutionally protected right. See Parker v. Landry, 935 F.3d 9, 17-18 (1st Cir. 2019) (citing Pérez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)).

Espinal-Guzman did not provide any factual allegation of violations under § 1985. In fact, Plaintiff did not even file a claim under § 1985. Thus, Defendant's motion to dismiss as to Plaintiff's claim under § 1986 is hereby **GRANTED**.

    c. *Sections 2000e and 2000e-3*

The claims under these sections are brought under Title VII of the Civil Rights Act of 1964. Pursuant to Title VII, an employer cannot "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Furthermore, it is unlawful for an employer "to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Id. § 2000e-3(a).

To state a claim for relief, a complaint asserting race and gender discrimination must plausibly allege that the plaintiff experienced an adverse employment action taken on the basis of his gender and his race. 42 U.S.C. § 2000e-2(a)(1); see also Morales-Cruz v. Univ. of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012). Plaintiff's Amended Complaint contains no plausible factual allegation that he was discriminated either because of his race or gender. Plaintiff simply alleges that "there was a conspiracy among Auto Zone and its managers to discriminate against the plaintiff based on his race (black), gender (male) and disability (severe anxiety and panic attacks, coupled with PTSD)." (Docket No. 22 ¶ 28). Finally, yet crucially to the present case, Plaintiff's Amended

**Civil No. 19-1886 (GAG)**

Complaint alleges no facts that would support an inference that Defendants acted on the basis of gender or race, which are the centerpiece of his Title VII claim.

In relation to Plaintiff's 2000e-3(a) claim, to state a cause of action under this portion of the statute, "the pleading must contain plausible allegations indicating that the plaintiff opposed a practice prohibited by Title VII and suffered an adverse employment action as a result of that opposition." Morales-Cruz, 676 F.3d at 226. There is no factual allegation in the Amended Complaint that Plaintiff opposed a practice prohibited by Title VII or that he suffered an adverse employment action as a result. It follows that Plaintiff's Amended Complaint failed to set forth a plausible claim under Section 2000e-3(a). Due to the above, Defendant's motion to dismiss as to Plaintiff's claims under Title VII is hereby **GRANTED**.

    C.  Constitutional and Supplemental Commonwealth Claims

In the Amended Complaint's jurisdictional statement, Espinal-Guzman argues that the Court "also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate causes of action arising under" Commonwealth law. (Docket No. 22, at 1(C)). However, the Amended Complaint is almost completely devoid of any allegations of violations of Commonwealth laws, and neither of the causes of action, nor the prayer for relief alludes to any of the local statutes mentioned in the jurisdictional statement. Id. ¶¶ 1-41. The only well pled claim regarding Commonwealth law is Plaintiff's assertion that the allegations for termination of his employment provided by Defendant were completely false and constitute defamation under Article 1802 of the Puerto Rico Civil Code. Id. ¶ 30. As a result, and with omission to Espinal-Guzman's claim under Article 1802 of the Puerto Rico Civil Code, to the extent that Plaintiff intended to pursue claims under said statutes, they are deemed waived. Consequently, these claims are hereby **DISMISSED**.

IV. Conclusion

For the foregoing reasons, the Court **DENIES in part** Defendant's motion to dismiss at Docket No. 27 as to Plaintiff's claims under Title I of the ADA and Article 1802 of the Puerto Rico Civil Code. On the other hand, Defendants' motion to dismiss all remaining claims is **GRANTED** and all such claims are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of September, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge